### FIXING THE GRADE OF LARCENY.

Circuit Court of Cuyahoga County.

ANTONNIO TADDEO AND TONY TADDEO v. STATE OF OHIO.

Decided, May 24, 1909.

*Trials—Prejudicial Remark of Prosecutor Before Trial—In Hearing of Juror—Value of Substituted Article Will Not Reduce Grade of Larceny.*

1. A prejudicial remark of the prosecuting attorney made before the trial in the presence of certain jurors, furnishes no ground for excusing all the jurors.
2. In a larceny case the value of a substituted article left in the place of the one stolen can not be considered to reduce the offense from grant to petit larceny.

*J. V. Zattlerelli,* for plaintiffs in error.
*John A. Cline,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The plaintiffs in error were convicted of grand larceny for having stolen a diamond from Scribner & Lohr's store. In place of the diamond taken they left a stone of less value.

The first error complained of is the refusal of the court to excuse all the jurors and allow a new panel because some of them had heard a remark of the prosecuting attorney, the day

before the commencement of the trial, that it was "necessary and would have a salutary effect to have the court issue a capias at once for the defendants," notwithstanding that their attorney had stated that one of them was in Conneaut.

If there was any prejudice in this remark of the prosecutor, it afforded no ground for excusing all the jurors, when the claim was not that all, but merely that most of them had heard it, and only two were affirmatively shown to have heard it. One of these disclaimed that he was influenced by the remark and no other juror was particularly inquired of on the subject. There was no error in this ruling.

The second error assigned is upon the failure of the court to take proper action regarding the comment of a bystander upon the claim of one of the defendants that he could not understand a question put to him as a witness in his own behalf in connection with the demand of his attorney for an interpreter. The comment was: "He (the witness) is a liar, he spoke good English to me." The trial judge said he did not hear it, but that he would take the exception under advisement. No action was taken, except that an interpreter was allowed. It does not affirmatively appear that the jury heard the remark, and we find no prejudicial error in the incident. The prosecutor also insisted that the witness could speak English and objected to the calling of an interpreter; but we find that there is no misconduct in this amounting to reversible error.

The next error assigned is upon the refusal of the court to admit the bill of sale of the diamond left in place of the one taken, as tending to show that the stones were of nearly equal value and hence that the exchange was due to mistake and not to a criminal motive. The evidence was not competent for that purpose. The defendants were, however, permitted to show the facts by oral testimony.

But it is claimed that the court should have charged the jury that if the difference in value of the stones was less than $35 they could not convict the defendants of grand larceny. This, of course, is not the law. The value of goods taken can not thus be offset to diminish the degree of the crime.

The sole remaining assignment of error relates to admission in evidence of conversations between detectives and a cousin of the defendants below in the latter's presence.   The detective told him he ought to tell the truth about this diamond, that it would be better for him, and it is urged that the subsequent statement from the cousin incriminating one of the defendants should have been excluded as an involuntary confession.

The rule as to confessions applies only to confessions of defendants on trial, not to admissions or statements of third persons in their presence.

Hence, even if the statements and admissions were involuntary, which we do not decide, there was no error in admitting the evidence thereof.

We find no error in the record and the judgment is affirmed.